Matter of Levine (2019 NY Slip Op 09118)





Matter of Levine


2019 NY Slip Op 09118


Decided on December 19, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Dianne T. Renwick, Justice Presiding,
Sallie Manzanet-Daniels
Judith J. Gische
Cynthia S. Kern
Peter H. Moulton, Justices.


M-7005

[*1]In the Matter of Harold Levine, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Harold Levine, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Harold Levine, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 5, 1984.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Hal R. Lieberman, Esq., for respondent



PER CURIAM.


Respondent Harold Levine was admitted to the practice of law in the State of New York by the First Judicial Department on November 5, 1984. At all times relevant to this proceeding, respondent maintained a registered address within this Department.
On June 12, 2017, respondent pleaded guilty in the United States District Court for the Southern District of New York to corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws in violation of 26 USC § 7212(a) and tax evasion in violation of 26 USC § 7201, both federal felonies. On October 11, 2017, respondent was sentenced to two years in prison followed by three years of supervised release, and ordered to pay $1.5 million in restitution to the Internal Revenue Service (IRS). Respondent's convictions stemmed from his participation in a tax evasion scheme involving his diversion of millions of dollars of tax shelter fee income from his law firm to himself and his failure to declare those fees as income to the IRS.
By order entered January 8, 2019, this Court granted a motion made by the Attorney Grievance Committee (the Committee) to the extent of determining that crimes of which respondent had been convicted were "serious crimes," immediately suspending respondent from the practice of law and directing him to show cause before a referee why a final order of censure, suspension or disbarment should not be made, with the hearing to be held within 90 days from the date of respondent's release from prison.
Respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, approving his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. In support of his application, respondent submits an affidavit in which he acknowledges his guilty plea, his sentence and his actions which led to his convictions. He attests that he cannot defend himself against the allegations and that he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
In addition, respondent acknowledges that his resignation is subject to any future application that may be made for an order pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and consents to the continuing jurisdiction of this Court to make such an order.
The Committee does not oppose the motion and asserts that respondent's application is in full compliance with the requirements of 22 NYCRR 1240.10.
Accordingly, respondent's motion should be granted to the extent of accepting his resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law effective nunc pro tunc to August 22, 2019.
All concur.
Order filed. [December 19, 2019]
The motion is granted, respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 22, 2019.